# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

Cambonchi, Laurento-Jose
Ex Relatione and Authorized Representative for:   )
LAURENTO CAMBONCHI

     *Claimant*      )
          )
vs         )
         )

**WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL AND ALL OTHER PARTIES OF INTEREST 1-50 JOHN and JANE DOES**

     *Respondent(s)*     )
         )
         )

--------------------------------------------------------X

Case Number: _____ cv _____
Related docket: 15-11378 (54 C)
TRIAL BY JURY
DEMANDED

PURSUANT TO RULE 38-39 FRCP

[The] 7th Amendment

# 16 CV 00121

## JUDGE CARTER

## PETITION TO CANCEL NOTE AND MORTGAGE FOR FRAUD, USURY, MATERIAL MISREPRESENTATION, FRAUD IN THE INDUCEMENT, FRAUD IN FACT, LACK OF CONSIDERATION, CLAIM IN RECOUPMENT AND QUIET TITLE AGAINST ALL KNOWN RESPONDENTS AND JOHN AND JANE DOES AND FOR DECLARATORY RELIEF

Comes now the Claimant, Cambonchi, Laurento-Jose   Ex Relatione and Authorized Representative for: LAURENTO CAMBONCHI, ET AL. and ( corporate entity(s) defined by United States Code as a United States vessel), In Propria Persona, Sui Juris, Sui Hæredes, In Solo Proprio, Natural Living Breathing Human Being, Non-Corporate entity, American National, Aboriginal and Indigenous to the Land, with this his Original Claim For Quiet Title, complaining for Declaratory judgment in respect of the same, and demanding damages arising from

fraudulent conveyance and slander of title being inflicted by Respondent(s) WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL and Profiting Representative/ Beneficiary(s), and all other Parties of Interest, 1-50 JOHN and JANE DOES, all relating to the Claimant's private real property (land/estate) commonly known as [1868] University Avenue [road] in Bronx, New York territories and possessions of the united states. Respondents, WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL have been making false claims, contrary to the record, contrary to the statues regarding real estate and foreclosures and have denied Claimant due process. Notice is now given for the protection of Claimant's person, property, estate, and trust. Claimant hereby enters his complaint of injured party, involuntary servitude and peonage due to wanton and malicious acts and threats, duress, coercion and fraud by and through promulgating counterfeit securities, in violation of laws of the forum in New York State Republic, United States of America and the Law of Nations and states as follows:

## CLAIM OF RIGHTS

Claimant, Cambonchi, Laurento-Jose Ex Relatione and Authorized Representative for: LAURENTO CAMBONCHI (corporate entity) claims and reserves all of Claimant's unalienable rights, including rights under Treaty law, including seniorage rights, at all times and waives none

Cambon-Chi  Ex Relatione: LAURENTO CAMBONCHI v. WELLS FARGO HOME MORTGAG, ET. AL.

2

of them at any time for any cause or reason. Seniorage rights are defined as all rights delegated under the social compact, e.g. the Constitution for the United States of America, wherein this sovereign delegated limited power and authority to government to act on the sovereign's behalf and in the sovereign's best interest. Claimant hereby invokes the powers and protections of the Constitution of New York state Annotated and the Constitution for the United States of America Annotated. Claimant hereby invokes the powers and protections of Anastasoff v. U.S., 223 F3d 898, especially where it speaks to the Doctrine of Precedent. Claimant requests that the court take judicial notice (Rule 201 of the Federal rules of evidence and New York Rules of Evidence) of the enunciation of principles stated in King v. Knoll (No. 04-04149-JAR), Whitney v. State of New Mexico (113 F. 3d 1170), Haines v. Kerner (404 U.S. 519), and Platsky v. Central Intelligence Agency, 953 F2d 25; and Claimant hereby invokes the powers and protections thereof, especially where they speak to the fact that Pro Se and In Propria Persona (Pro Per) litigants shall not be held to the same strict pleading standards as Bar-authorized attorneys, and that they have the right to submit evidence of their claims to the courts for adjudication, and that where the courts dismiss said claims, the courts must provide curative instructions as to how to repair the paperwork and give leave or permission and adequate time to re-file. Therefore, Claimant hereby claims the substantial Due Process right to have Findings of Fact and Conclusions of law published with any order of this Court.

Claimant hereby claims the powers, protections and benefits of the Statute of Frauds Annotated especially where it speaks to the fact that in order to have standing on a claim of a debt or have the court consider the issue or for the court to have subject matter jurisdiction to provide relief or a remedy the Accuser must prove the existence of a debt which may only be established by submission of the original contract, original promissory note or agreement in open court, on the

record, as evidenced through the testimony of a competent fact witness with personal firsthand knowledge, under oath and be subjected to perjury. Additionally, Respondent must prove that they are/is the Holder in-due-course and that Claimant signed the contract, note or agreement with full knowledge of the true nature of the transaction, as required by state and federal law governing disclosure requirements. Further, any party that asserts a claim upon Claimant's property must prove with specificity that Claimant received equal value, as consideration to the contract, by demonstrating possession of the original unaltered promissory note and under GAAP (Generally Accepted Accounting Principles) how much value was given under GAAP rules to Claimant, the source and nature of the consideration (where in reality did it come from), in order to demonstrate that no fraud occurred in the inducement and that whomever the holder in-due-course purports to be, has a valid instrument to support a claim under any security agreement upon Claimant's property.

Claimant hereby makes declaration of non-corporate status. Claimant hereby makes declaration of domicile and revokes any previous declaration of domicile. Claimant is domiciled in New York state Republic. Claimant hereby makes declaration of his appellation: son of Cambon-Chi; Sovereign, a Natural Living Breathing Human Being which is separate and distinct from LAURENTO CAMBONCHI ( a Corporate Entity ) or any other derivatives thereof.

Claimant does solemnly affirm that he is of lawful age, being of sound mind and competent to make this affidavit and willing to testify in open court that the statements herein are from his own personal firsthand knowledge of information and facts contained herein and are true and correct in substance and in fact; and those matters cited herein are believed to be true as reported and as further grounds for the relief sought.

Cambon-Chi **Ex Relatione:** LAURENTO CAMBONCHI v. WELLS FARGO HOME MORTGAG, ET. AL.

2. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 in that the claims alleged therein arise under the laws of the United States.

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs state law claims, including but not limited to determination of status as holder in due course under New York Statutes §§673.0021-673.0081, §§673.l011-673.l091, and §§673.2021-673.2091, on the one hand, and equitable action for quiet title in Chancery Court pursuant to New York Statutes §§372-378.

4. These state law claims constitute the foundation, in turn, for Claimant's federal claims in that all arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution. The execution, handling, and crediting of these negotiable instruments is inextricably intertwined with questions of payment and consumer credit and hence, all questions of legal and equitable claims to right, title, and interest in the property/estate, subject of this lawsuit and equitable action.

5. Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL** are named as primary Respondent(s) because that is their FEDERAL CHARTER bank claiming interest in Claimant's property, have failed to answer Discovery demanded of them with regards to any interest in said Claimant's private property which definitively shows that the Respondents, the Representatives for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-**

**BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, are neither in privity with Claimant(s), on any contract (because of assignment) and is plainly NOT the Holder in-due-course of the Note which the Claimant signed, and that this lack of privity and transfer of interest is apparent from the face of the documents because a Representative for WELLS FARGO HOME MORTGAGE, et, al. endorsed the note in blank and without recourse which is FRAUDULENT CONVERSION (See Exhibit A).

6. This endorsement indicates that Respondents have "cashed" or fully negotiated the Claimant's note. In other words, WELLS FARGO HOME MORTGAGE, et, al have (since accepting the note from Claimant transferred/swaped the Claimant's note and have been paid for that Note in full.

7. The Holder in-due-course of the note, not available to be attached herein as an Exhibit could literally be anyone in the world EXCEPT for the endorsing party, a representative for WELLS FARGO HOME MORTGAGE, et, al, pursuant to New York common and statutory law, to wit New York Statutes ("Uniform Commercial Code: Negotiable Instruments): § 3-302, 305. Payable to bearer or to order

(1) A promise or order is "payable to bearer" if it:

(a) States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;

(b) Does not state a payee; or

(c) States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

8. If any debt is owing to any party, despite the lack of mutuality in consideration, with NO consideration whatsoever identified in the mortgage contract as flowing from WELLS FARGO HOME MORTGAGE, et, al to the Claimant, it would not be to the Respondents, the Representatives for WELLS FARGO HOME MORTGAGE, et, al, since they are not the true Holder in-due-course of Claimant's note.

9. Under principles of Respondent superior and / or fiduciary duty, Respondent Patrick Burke as Chief Executive Officer for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** a national banking association, is liable for all the breaches of contract and torts including actual or constructive fraud, intentional or negligent misrepresentation) committed by his representatives and his Assigns.

10. Claimant, sues here in part because the STATE OF NEW YORK SUPREME COURT, Respondent(s) **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** filed foreclosure proceedings in 2009 and steadfastly refuses to demand the Respondents to honor their obligations of producing the Discoveries that were ask of them, and refuses to hear any of Claimant's federal claims, a clear violation of 'due process' of Law .

11. This Court has jurisdiction over the mortgage and note issues raised herein by Claimant under the Federal Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1601 et seq.

("TILA"); Regulation Z, 12 C.F.R. § 226 et seq.; Federal Trade Commission Act ("FTC Act"), 1 5 U.S.C. § 1691 et seq. (Equal Credit Opportunity, and above all RESPA, 12 U.S.C. §§2601 et seq.

12.   The Court accordingly has Federal question jurisdiction pursuant to 28 U.S.C. §1331 over Claimant's action for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure. To effectuate the declaratory judgments herein requested, injunctive relief is authorized by 28 U.S.C. §2202 and Rule 65 of the Federal Rules of Civil Procedure.

13.   Claimant specifically seeks a declaratory judgment that (1) neither Respondent(s), the Representatives for/nor **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** nor its Assigns are Holders in-due-course of Claimant's note, (2) neither Representatives for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** nor their successors and assigns are in continuing privity of contract with Claimant, Cambonchi, Laurento-Jose because (3) A Representative for WELLS FARGO HOME MORTGAGE et. al  endorsed Claimant's Note without recourse (i.e. "cashed" this negotiable instrument, or in the alternative "transferred/swaped Claimant's note to an unknown third party for value paid and received").

14. Claimant, seeks final prohibitory injunctions to enjoin Respondents, **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, and their successors and assigns from further debt collection activities unless and until they can and have proven their legal and equitable status as Holder in-due-course of the Claimant's note, and Claimant further seeks a final mandatory injunction against Respondents, Profiting Representative / Beneficiary for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, to compel him to pay the amounts due and owing since July 2006 under the note and mortgage agreement, but no Temporary Restraining Order is requested at the present time.

15. Claimant accordingly asserts causes of action against the Respondents, the Representatives for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, their successors and assigns, predicated on, inter alia, apparent violations of and justifying relief pursuant to the federal Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1601 et seq. ("TILA"); Regulation Z, 12 C.F.R. § 226 et seq.; Federal

Trade Commission Act ("FTC Act"), 15 U.S.C. § 1961 et seq., and RESPA 12 U.S.C. §§2601 et seq.; and Claimant further seeks damages against Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** its successors. and assigns for breach of fiduciary duty and breach of contract.

16. Claimant also reserves his right to amend and to assert derivative claims under New York state Commercial and Consumer Protection Statutes, as well as state laws prohibiting Deceptive Trade Practices, among others.

17. These principled (traditional common law and statutory) elements of contract law (privity of contract required to enforce obligation and "holder in due course") have always been a key requirement of the common law of contracts, and this requirement has been expressly upheld by New York state Courts in the past because it is enshrined, among other places, in New York Statutes.

18. Claimant, seeks a further declaratory judgment that this Court declare that neither Respondents, the Representatives for WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGHCERTIFICATES, SERIES 2007-PA3,  GROSS POLOWY, LL,CHEDDYEH P. BROUMAND, ET.AL, nor their successors and assigns are entitled to any enforcement of the Claimant's note; per New York Statutes, which on its face does not permit the reestablishment of notes once TRANSFERRED/SWAPED, as Representative for **WELLS FARGO HOME**

**MORTGAGE,** by their endorsement has clearly transferred/swaped the Claimant's note in this case:

**Enforcement of lost, destroyed, or stolen instrument:**

(1)   A person not in possession of an instrument is entitled to enforce the instrument if:

(a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(2)   A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

19.  Courts in New York in cases such as that litigated by the Profiting representatives / Beneficiaries for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, against Claimant(s), (natural person), in the state action in the SUPREME COURT OF COUNTY OF Bronx, New York under Index No: 382963/09 New York courts, routinely gloss over and ignore the "holder in-due-course" and "privity of contract" doctrines as well as all other laws Federal laws designed for the protection of the individual unwillingly caught in the system, and this is another reason why Claimant's lawsuit and equitable action herein stated are properly lodged in Federal rather than state court.

20.  The effective abandonment of the common law by the executive and judicial branches did not come about as the result of overt democratically enacted legislative modification of the law, nor pursuant to any official governmental policy of or for the public benefit, but to enable and enrich a favored group which has profited from a non-governmental financial innovation of the late 1970s-80s known as "securitization of debt", with securitized and bundled "debt" sold on the open market in complete disregard and, in fact, in flagrant violation of all common law (and Uniform Commercial Code) principles of "holder in-due-course" or "privity of contract".

21.  "Holder in-due-course" and "privity of contract" were key elements of common law jurisprudence specifically protected from interference by the state governments under Article I, § 10, Cl. 1 of the United States Constitution, except where necessary to protect or advance a compelling governmental interest in the state's interest of self-protection or emergency exercise

of the police power. Cf., e.g., Allied Structural Steel Co. v. Spannaus, Attorney General Of Minnesota, et al., 438 U.S. 234; 98 S.Ct. 2716; 57 L.Ed.2d 727 (1978).

22.   Claimant reserve the right to amend and add additional causes of action to this complaint by regular amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure as may be necessary to bring all issues before the Court concerning the properties for which quiet title is sought in New York state.

23.     Venue is proper in the Southern District of New York in that the Claimant's private property/Estate known as [1868] University Avenue (road) in Bronx, Bronx county, New York state Republic, the asset/instrument of this Claim/Complaint is located in the territories and possessions of the Unite states. Furthermore, most if not all of the transactions and occurrences giving rise to this dispute took place in Bronx County, New York state Republic, within the territorial jurisdiction of the nalogous united states district.

**COUNT I: WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL, ARE NOT HOLDERS IN-DUE-COURSE.**

24.     Claimant realleges and incorporates by reference the allegations contained in paragraphs 1-23 of this Complaint as if the same were fully recopied and restated herein below.

**25. The Claimant's Promissory Note, was for the acquisition of property known as [1868] University Avenue (road) in Bronx, Bronx county, New York state Republic At some point (probably within 30-90 days) after the closing and signing date, this note was endorsed "without**

recourse" in blank and became a bearer instrument, "payable on demand" to parties whose identity is simply unknown at the present time.

26. WHEREFORE, as explained above, Claimant seeks a declaratory judgment that neither representative(s) for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, their successors or assigns, (Respondents) are the holder in-due-course of the original note that the Claimant signed, which a representative for WELLS FARGO HOME MORTGAGE endorsed "in blank" and therefore converted into a "bearer instrument", "payable on demand" to an unknown and presently unascertainable party.

27. THEREFORE, Claimant demands this Court to declare and adjudge that neither the Respondents, nor representatives for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, nor their successors or assigns are any longer (at the present time, if they ever were) entitled to collect even a dime from Claimant, Cambonchi, Laurento-Jose and in fact Respondents (representative(s) for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, should be compelled by a

mandatory junction, which is hereby requested and sought as part of the relief in this case, to refund Plaintiff 100% of all monies paid (including interest) to those profiting representatives / Beneficiaries for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** under the mistaken belief (fraudulently induced by the Respondents) that representative(s) for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** was still holder in-due-course or otherwise in privity with the Claimant.

## COUNT II: DECLARATORY JUDGMENT RE: LOST NOTES

28.     Claimant realleges and incorporates by reference the allegations contained in paragraphs 1-27 of this Complaint as if the same were fully recopied and restated herein below.

29. The slippery tale of the mysteriously lost or destroyed note, which sometimes suddenly reappears, has already been repeated tens of thousands of times all over New York is nothing but a cover for SECURITIES FRAUD AND VIOLATION OF THE NEW YORK STATUTES and is entitled to no more credibility than those offered by truant schoolboys involving dogs who eat homework or great aunts who always die during finals or when term papers are due, but it is used successfully in perhaps 80-90% of all New York Mortgage Foreclosures and accordingly in

violation of the Uniform Commercial Code which leads all of these lying Mortgage companies to proceed to Foreclose illegally without right under law.

30. Claimant now asks this Court to open the shudders and let the light of day shine on this sham, this megalithic lie repeated ten million times which has all but destroyed the US economy.

31.   All promissors including Respondents (Representatives / Beneficiaries for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** implicitly, if not explicitly, promise or affirm that they will follow the common law, as well as the statutory law, guaranteeing to each contracting party promissee to comport themselves by conduct in full compliance with all the guarantees and protections of common law, including but not limited to the doctrines of "holder in due course" and "privity of contract."

32.   WHEREFORE, Claimant seeks a declaratory judgment that the endorsements without recourse violate both New York and United States Federal consumer and credit protection law as well as the banking and securities laws concerning the management and securitization of promissory notes as negotiable instruments and as "money" pursuant to the definitions provided by Federal Law in 12 U.S.C. §1813 and

33. THEREFORE, Claimant asks this Court to declare that once said mortgage note is endorsed by one party, it is no longer collectible or properly payable to that party, such that in this case, representative for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES,**

Cambon-Chi  Ex Relatione: **LAURENTO CAMBONCHI v. WELLS FARGO HOME MORTGAG, ET. AL.**