SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL, by their endorsement to the "bearer or demand" has nullified or voided its own claim to any rights under the note by transferring these rights to an unknown third party.

34. Upon final trial, after discovery, this Court should declare and adjudge that Claimant is entitled to void or nullify both his note and his contract to WELLS FARGO HOME MORTGAGE

35. Plaintiff asks that the Court declare and adjudge that Respondents (Representatives for WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL, utterly failed to conform to the common strictures of contract in good faith and fair dealing.

## COUNT III: THIRD CAUSE OF ACTION is for RELIEF BY FORECLOSURE ACCOUNTING

36. Claimant realleges and incorporates by reference the allegations contained in paragraphs 1-35 of this Complaint as if the same were fully recopied and restated herein below.

37. A controversy exists between Claimant and Respondents (representatives for WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL, with respect to the correct amount of money that is actually owed by Claimant to the Defendant, if any.

38. Many additional assessments, including charges for contingent damage insurance were arbitrarily imposed on this mortgage contract without claimant's actual and effective or informed consent.

39. Respondents have consistently refused to provide an accurate accounting of the HANDLING OF THE NOTE or to allow Claimant's representatives to audit Respondent(s) books and records as they relate to accounting of the transfer and sale of the note "in blank" so clearly identified, nor how this endorsement and transfer somehow left Respondents (representatives for WELLS FARGO HOME MORTGAGE), as the holder in-due-course or even as AGENT for the holder in-due-course.

40. Claimant demands that any claim for trusteeship or agency on behalf of any third-party holder in due course must be verified by clear and convincing evidence including properly executed trust instruments or documents appointing or creating lawful agency between Respondents (representatives for WELLS FARGO HOME MORTGAGE.) and any other party or parties.

41. Claimant alleges that accounting should include a submission of the Original Note that the Respondents should possess, as "holders in-due-course", a forensic analysis and full actuarial statement regarding EACH transaction relating to the ownership, interest, and securitization of the Note.

42. Claimant contests that without the privity of contract or original note the sum will forever and indefinitely be disputed because without said note Claimant believes that the Respondents have no right to collections of any kind.

43. As a result, the correct amount of 'monies' due and owing from Claimant to Respondents remains in dispute and cannot be determined without an accounting and a submission of evidence.

44. Therefore Claimant require that Respondents make available its books and records (only as they relate to Claimant's alleged loans) in order that Claimant may have a qualified representative audit the books, records, federal reserve collateral and borrower in custody agreements to determine the accounting of the financial transaction(s) made regarding the note or the securitization of said note.

## COUNT IV: UNFAIR DEBT COLLECTION PRACTICES & PREDATORY LENDING

45. Claimant alleges paragraphs 1-44 and incorporates all material allegations and legal contentions as if fully set forth and recopied herein.

46. Claimant alleges that the Respondents and each of them, in taking the actions aforementioned, have violated provisions of New York Statutes, as well as the Federal Fair Debt Collections Practice Act, 15 U.S.C., Title 41, Subchapter V. §§ 1692 et seq, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

47. In the alternative to the allegations stated in the counts above, Claimant alleges that Respondents have violated New York state securities laws by fraudulent sales of previously sold and securitized notes (e.g., within the meaning of New York Statutes, sold and transferred) if in fact they are not selling them, merely transferring the collection rights under the servicing agreement.

48. A judicial determination is appropriate to determine the Claimant's rights and duties with regards to the Promissory note of Claimant's original loan and / or his current obligation for the repayment of any alleged valid debt.

Cambon-Chi Ex Relatione: LAURENTO CAMBONCHI v. WELLS FARGO HOME MORTGAG, ET. AL.

49. A declaration of rights and duties of the parties by the court is necessary to determine the actual status and validity of the loan and any rights, duties, and/or obligations to be enforced.

50. Claimant asks this court, by entry of declaratory judgment, to effect the cancellation of the mortgage documents and deeds of trust for cause identified herein and specifically declare and adjudge the character and relationship of the parties, the existence of the ground for recovery, including fraud, false representations, or impossibility of performance, defendants' failure to perform, and the inadequacy of a remedy at law.

51. The court should declare that laches applies to bar, the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably estopped from taking any further action against the subject property.

52. There is no uniformly accepted definition of "predatory lending." However, the United States Department of Housing and Urban Development ("HUD") has defined predatory lending as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower.

53. Since predatory lenders are constantly developing new techniques to take advantage of 'borrowers', it is generally accepted by the 'lending' industry and government agencies that monitor that industry that predatory lending practices include engaging in aggressive, high pressure and/or misleading tactics. Respondents, and each of them, engaged in this kind of conduct toward the Claimant.

54. Respondents and each of them is directly or through agents or employees entities or persons actively involved in the extension of credit as said term is defined under the Truth in Lending

Cambon-Chi Ex Relatione: LAURENTO CAMBONCHI v. WELLS FARGO HOME MORTGAG, ET. AL.

20

Statute (TILA). Said Respondents, subject to the requirements of the Truth in Lending Act, have violated the requirements of the said act in that, among other things:

    a. They have failed to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees.

    b. They have improperly retained funds belonging to Claimant in amounts to be determined.

    c. They have failed to disclose the status of the ownership of said loans.

55.  Claimant further alleges that these violations are such as to require rescission and or cancellation of the loan herein and return of all funds (with interest) received by Respondents from Claimant.

56.  Claimant alleges that Respondents and each of them are such as to fall within the requirements of the Real Estate Settlement Procedures Act (RESPA), and placed loans for the purpose of unlawfully increasing and otherwise obtaining yield spread fees, excess charges and amounts in excess of what would have been lawfully earned.

57.  In addition to the requirements of RESPA, Respondents, Chief Executive Officer/Chief Financial Officer (representatives for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** acted either individually or jointly as "Servicers" as that term is used within the act and either individually or jointly violated the requirements of 26 USCA § 2605 (b) in that the servicing contract or duties there under were transferred or hypothecated without required notice.

**Cambon-Chi Ex Relatione: LAURENTO CAMBONCHI v. WELLS FARGO HOME MORTGAG, ET. AL.**

58. Claimant alleges that these violations are such as to require rescission and / or cancellation of the 'loan' herein on and return of all funds (including interest) received by Respondents from Claimant.

59. Claimant further alleges that he is entitled to actual damages including all amounts paid to the Respondents or any insurance company (including all additional fees, penalties and interest paid at any time) as compensatory damages plus punitive and exemplary damages, in an amount to be determined at trial, sufficient to punish the profiting Representatives / Beneficiaries for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** (Respondents) and serve as an example to other entities similarly situated.

## COUNT V: DECLARATORY JUDGMENT: NO VALID CONTRACT EXISTS DUE TO LACK OF MUTUALITY OF CONSIDERATION

60. CLAIMANT realleges the above and foregoing paragraphs 1-59 and incorporates the same by reference as if fully copied and restated herein below.

61. Under the Law of Contract ( and New York law ) as defined both by common law judicial precedent and statute, a contract requires at least one promise made by one party on each side of a contract, which promise is bargained for as consideration.

Cambon-Chi Ex Relatione: LAURENTO CAMBONCHI v. WELLS FARGO HOME MORTGAG, ET. AL.

62. Under the Law of Contract, the contract will only be valid if, the one element of mutually promised performance each side of the agreement (to each party of a bilateral contract) would be consideration.

63. The, Mortgage between LAURENTO CAMBONCHI, and Respondent(s)WELLS FARGO HOME MORTGAGE, their successors and/or assigns is unenforceable and void as there are NO PROMISES constituting consideration made or intended by Respondents (representatives for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** to the Claimant by the Respondents as the alleged Lender.

64. The Alleged LENDER (Respondent, WELLS FARGO HOME MORTGAGE,) did not even promise to make, lend money, or recite that it had ever delivered money to Cambonchi. Laurento-Jose

65. Instead the Mortgage merely requires that Claimant acknowledges and affirms that he owe the money---no reason or fact constituting or suggesting "consideration" flowing from Respondent WELLS FARGO HOME MORTGAGE to Claimant is ever given.

66. A promise or apparent promise is not consideration if by its terms the promisor or purported promissor reserves a choice or alternative performances. Words of promise, which by their terms make performance entirely optional with the promisor do not constitute a promise.

67. Where the apparent assurance of performance is illusory, it is not consideration for the return promise. An "agreement to do or not to do a certain thing" which requires mutual promises of

detrimental undertaking between at least two parties; the detrimental undertakings are the bargained for exchange known as "consideration." *Office Pavilion S. Fla., Inc. v. ASAL Prods., Inc., 849* So. 2d 367 (Fla. 4th DCA May 21, 2003).

68. Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** did not promise anything to Cambonchi, Laurento-Jose.

69. Accordingly, even if this court were to find that there is privity of contract between Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** and LAURENTO CAMBONCHI, which the Claimant categorically denies, based on the evidence in overarching herewith, there is no enforceable contract because there were no bargained for consider or detrimental promises which would constitute the same.

70. In light of the above, the Court may search the pleadings for any promise made on behalf of the Respondents (Representatives / Beneficiaries for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** which would constitute

consideration to as opposed to from Cambonchi, Laurento-Jose. A promise, which is bargained for is consideration if, but only if, the promised performance would be consideration.

71. A promise or apparent promise is not consideration if by its terms the promisor or purported promisor reserves a choice or alternative performances. Words of promise which, by their terms, make performance entirely optional with the promisor do not constitute a promise amounting to lawfully binding "consideration" sufficient to support a bilateral contract.

72. Where the apparent assurance of performance is illusory, it is not consideration for the return promise. Office Pavilion S. Fla., Inc. v. ASAL Prods., Inc., 849 So. 2d 367.

73. Claimant further alleges that Cambonchi, Laurento-Jose, obligation to Respondents (representatives for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** constituted and was treated as an asset to WELLS FARGO HOME MORTGAGE, providing only detriment from the Claimant but incurring no detriment on their part nor without any benefit flowing from WELLS FARGO HOME MORTGAGE. and therefore not constituting valid consideration within the meaning of binding New York precedent.

74. A contract concerning real property is not binding on either party unless its obligations are mutual and reciprocal.

75. An unenforceable contract as between the two original parties transfers no right to title or interest in said property, Cambonchi, Laurento-Jose, contract with Respondent WELLS FARGO HOME MORTGAGE lacked bilateral detriment and mutuality and is therefore unenforceable by

Respondents, or any of its successors or assigns including the currently unknown and presently unidentifiable real and true holder or holders in-due-course who are the actual transferees or assignees in privity with the Claimant.

76.   Where one party elicits promises from another but neither promises nor undertakes any action detrimental to him / her or itself; that party has not "contracted" with the other.

77.   Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, neither promised nor did in fact transfer its own money to Cambonchi, Laurento-Jose, nor did, Ex Rel.: LAURENTO CAMBONCHI, in his mortgage recite that he had received any money from Respondent(s) or "the lender" however defined.

78.   Nowhere does the Mortgage recorded suggests, affirms or explains that the loan proceeds might have, much less that the loan proceeds actually did, come from the "Lender". In fact, every single promise or representation in the Mortgage contract is unidirectional and unilateral, flowing from Claimant to Respondents (representatives for **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, and this contract should therefore be declared one-sided and lacking in mutuality of consideration as to be void ab initio.

79.   Claimant asks this Court to declare and adjudge whether it is a fraud to ask people such as himself to sign a document obligating "repayment" of sums with interest when the note itself was

sold as a negotiable instrument (presumably at a premium, to indicate the expected value of interest and credit-worthiness and a valuable property).

80. Nowhere does "THE MORTGAGE" (Exhibit A-1) state that a representative for WELLS FARGO HOME MORTGAGE, ET. AL its agents or its successors/assigns were the lawful owner of the money some unidentified third party (E.g. Fannie Mae or Freddie Mac or the Federal Reserve Banking System) was delivering to Cambonchi, Laurento-Jose nor even that the money was advanced from any assets or capital funds actually owned by nor any "Draw" against the credit of **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** nor any other indication of detrimental action promised or undertaken by Respondents as the original ("once and future") Claimant to the status of holder-in-due course despite the endorsement shown in.

81. It is a separate but valid question whether there is a real or reasonable Declaration of Trust or other valid grant by which the Claimant's mortgage note was placed into trust with representatives for WELLS FARGO HOME MORTGAGE, after endorsement of the note to some unknown third party, or whether Respondents has ever lawfully appointed anyone else's agent or trustee with power of attorney after assignment of the note "out" of WELLS FARGO HOME MORTGAGE ownership and possession.

82. Claimant predicts and therefore alleges that Respondents WELLS FARGO HOME MORTGAGE, ET. AL, its assigns or its agents will not be able to show any valid delivery of Claimant's note back to the representatives for WELLS FARGO HOME MORTGAGE ET, AL.

as an act creating any assignment back, agency, servicing agreement, power of attorney, or trust, and

83. Claimant asks this Court to declare and adjudge that this arrangement is nothing but another fraudulent disguise of the violation of New York law perpetrated and perpetuated by the New York "lenders" and "originators" who have securitized their mortgages improperly and for purposes of defrauding the consumer.

84. Claimant asks this Court to order the production of the grantor's declaration (if any) or other initial, Trust-creating or agency-designating instrument of assignment binding either of the Respondents together with Claimant's original note, and further to order an examination or accounting of the chain-of-title of and to all these certificates, including an accounting of all monies, properties, or projects lawfully invested in or paid or tendered in equitable consideration of these receipts, together with a particularized list of the Trust's equitable beneficiaries and legal owners and managers.

85. Claimant submits that such an accounting may show no lawful trustee beneficiary connection at all, or else that the Claimant's note was never properly transferred as a matter of legal or equitable right, title, or interest into any trust, but simply "cashed" like any other bearer instrument, payable on demand to any and every unidentified "holder" until, like an ordinary dollar bill, the original paper simply wears out and must be recycled by the Federal Reserve (or other designated) bank.

86. In other words, Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC,**

**CHEDDYEH P. BROUMAND, ET, AL**, act here, in relation to Claimant, Henry, Dalton, in all probability and in no capacity any different from that of Mortgage servicing and pooling, identical to the Mortgage Electronic Registration System which was so roundly criticized by Judge Walt Logan in his August 2005 decisions, whose analysis Claimant prays this Court to follow and declare to be the binding construction and interpretation of commercial paper/mortgage finance law in New York

87.  Claimant alleges and will show, pursuant to New York Common and Statutory Law, that Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**,  provided nothing of any value to Cambonchi, Laurento-Jose, and even now Respondents cannot show that it promised to transfer or did in fact transfer anything actually belonging to or possessed by **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, to the Claimant, but that instead, it has merely continually added to his alleged indebtedness by arbitrary and capricious additional assessments including but not limited to the aforementioned FORCED insurance coverage.

88.  Wherefore, no valid obligation or encumbrance was created by the Mortgage or Mortgage Contract between LAURENTO CAMBONCHI and Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR**

WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL, despite the existence of a written instrument and any apparent affirmation of contract which may facially appear in that instrument; this Court should adjudge and declare that the note (as a negotiable instrument itself), having been endorsed, is proof of the fraudulent intent and purpose of Respondents WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL, in continuing to collect after "cashing" the note and transferring it to another (unknown and unidentified) party.

89.    In short, the "loan" document does not indicate or even substantially suggest that Respondents WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL, never actually took (nor promised to take) any action detrimental to themself.

90.   The sole purpose of the written instrument entitled "Mortgage" was to confirm and specify that the Claimant, Cambonchi, Laurento-Jose, had given up things of value, to his own detriment, and would be required to give up more things of value, while Respondents WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS

30

TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL, promised nothing, provided nothing, and promised only to collect the money which the "borrower" were required to admit he owed, without any factual recitations regarding actual delivery or receipt of funds.

91. Claimant thus alleges that Respondents in fact did nothing (except to collect payments) and fraudulently holds himself out as a holder or trustee for the holder of certain securities, but in fact has simply filed suit for pure profit (with no real legal title or standing, nor any equitable investment or commitment to the transaction).

92. WHEREFORE the Claimant's MORTGAGE CONTRACT dated, April 25 2007        with Respondent WELLS FARGO HOME MORTGAGE, ET. AL should be declared null and void.

## COUNT VI: MORTGAGE FINANCE INDUSTRY PRACTICES VOID *AB INITIO* DUE TO FRAUD IN THE EXECUTION AND INDUCEMENT

93.      Claimant realleges and incorporates by reference the allegations contained in paragraphs 1-95 of this Complaint as if the same were fully recopied and restated herein below.

94. Claimant alleges that this is standard mortgage finance industry practice, but that fact that the conduct of Respondents **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, in this case, and the New York Courts' actions in conformity therewith, is common practice, does not mean that common practice satisfies the

New York common or statutory law of contractual viability because the consideration for a promise must be an act or a return promise, bargained for and given in exchange for the promise.

95.   A mortgage is originated after a broker or "originating institution" receives a series of promises from a "borrower"; these promises take the form of a mortgage contract and a negotiable instrument known as a "promissory note."

96. The originator typically neither promises nor undertakes any action detrimental to itself, while soliciting and receiving a large number of promises and actions detrimental to the note grantor or "borrower".

97.  A promissory note is securitized by a transfer of the "borrower's" or grantor's note into a bundle of similar notes, group ranked and rated by FICO scores, date, location, and value of property, into a Mortgage-Backed Equity or Collateral Backed Obligation (MBE or CBO).

98.   Once a promissory note is transferred into a securitized bundle, the originator or initial lender is no longer "holder in-due-course" of said note as a matter of law, and is no longer in privity with the "borrower" or original grantor.

99.  Respondents WELLS FARGO HOME MORTGAGE, ET. AL has taken the securitized note on Claimant's private property/Estate known as, as well as the recorded mortgage and Respondents has in fact transferred legal and beneficial interest in that note to an unknown party.

100.   Wherefore and accordingly, Claimant prays first that this Court will declare and adjudge that the industry practice of securitization of notes breaks both all common law bonds of privity of contract and holder in due course doctrine of negotiable instruments, such that each and every securitized mortgage, including but not limited to the Claimant's, is void and uncollectible or at the very least uncollectible until the holder in due course comes forward, and that the mortgage contract itself constitutes an unwarranted slander of and encumbrance upon Claimant's title.

**WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** and all Jane and John Does that may or may not have a supposed interest in the title to the Claimant's private property/Estate.

106. Claimant identifies Jane and John Does as anyone who may have any supposed interest in Title. Claimant believes that, given the current state of this economy (which is rife with fraud) that there could be other fraudulent parties, outside of **WELLS FARGO HOME MORTGAGE, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, that may assert ownership. Claimant, though wary of fraud, welcome the appearance of the true Original Note Holder and also assign the title of John and Jane Does to any TRUE holder of the note, whether that holder turns out to be someone in China, India or some anonymous numbered account holder of a nameless bank in Russia/Germany.

107. Jurisdiction and Venue are proper pursuant to the New York Quiet Title Statutes because the property known as [1868] University Avenue (Road) in Bronx, Bronx county, New York state Republic, the principal property in question for which quiet title is sought, is located within Suffolk county within the territorial jurisdiction and possessions of the United States district Court for the southern district of New York.

**BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL,** or any other party, be ordered stricken and removed from the public property records of Suffolk county, New York, or else expunged and marked as VOID if otherwise required to remain in the public property records of each relevant county.

113.    WHEREFORE, Plaintiff move and request that this Court declare and adjudge that Respondents, do not have, and never had, any legal right, title, nor any equitable or beneficial interest in the enforcement of the Claimant's note, and should be both temporarily and permanently enjoined from proceeding against the personal private property of Cambonchi, Laurento-Jose real property and allodial estate, known as [1868] University Avenue (Road) in Bronx, Bronx county, New York state Republic.

## TRIAL-BY-JURY

114.  Claimant demands a trial-by-jury of all issues of fact so triable, and all mixed questions of law and fact which may be triable as a matter of controlling case law, and Claimant demands an advisory jury on all other matters to the extent permitted by law, with appropriate instructions distinguishing the advisory from the deciding issues presented to the jury for resolution.

## PRAYER FOR RELIEF

Claimant(s), prays for judgment against all Respondents for the relief requested above, including but not limited to declaratory judgment regarding the rights and status of each party in relation to the Claimant's private property/ Allodial Estate known as [1868] University Avenue (road) in Bronx, Bronx county, New York state Republic, and the interests assigned to Claimant in such property and the notes, transactions, and occurrences relating to the same. Claimant also asks a full refund of all monies paid to Respondents **WELLS FARGO HOME MORTGAGE, HSBC**

**BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3, JOHN G. STUMPF, GROSS POLOWY, LLC, CHEDDYEH P. BROUMAND, ET, AL**, after the date of the endorsement transferring interest in the Claimant's note to parties unknown, including all payments made and received towards principal, interest, fees, penalties, and all other charges made by or for the benefit of the Respondents.

Respectfully lodged,

05 January 2016

BY:_____

Cambonchi, Laurento-Jose, Authorized Representative

Natural Living Being, In Propria Persona, Sui Juris, Sui Hæredes; In Solo Proprio

Ex Relatione: LAURENTO CAMBONCHI

All Rights Reserved: U.C.C. 1-207 / 1-308; U.C.C. 1-103

Telephone c/o: 347-898-0008

**Cambon-Chi  Ex Relatione: LAURENTO CAMBONCHI v. WELLS FARGO HOME MORTGAG, ET. AL.**

*CERTIFIED true and Correct Copy.*
*[signature] 1/7/16*

district court for the united states
Southern District of New York
-------------------------------------------------------------------------

Cambonchi, Laurento-Jose
Ex Relatione and Authorized Representative for:    )
LAURENTO CAMBONCHI
                          Claimant

      ~v~

**Docket No.:**
related Index: <u>382963/09</u>
*related docket 15-1132 wb*
*NOTICE OF PENDENCY*
28 u.s.c 1964/CPLR 6501

**WELLS FARGO HOME MORTGAGE, HSBC BANK
USA, NATIONAL ASSOCIATION, AS TRUSTEE
FOR WELLS FARGO ASSET SECURITIES
CORPORATION MORTGAGE ASSET-BACKED
PASS-THROUGHCERTIFICATES,
SERIES 2007-PA3, JOHN G. STUMPF,
GROSS POLOWY, LLC,
CHEDDYEH P. BROUMAND, ET, AL
AND ALL OTHER PARTIES OF INTEREST
1-50 JOHN and JANE DOES**
               Respondent/Defendants

**<u>Block 2868/Lot 29</u>**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
TO: Bronx county clerk;
The clerk of Bronx County is directed to Index this Notice to the names of the
Respondents/defendants and property above:

**NOTICE IS HERE BY GIVEN that an action has been commenced and is now pending in
the above-captioned Court upon the claim and demand of the above-named
petitioner/claimant(s), LAURENTO CAMBONCHI A/K/A: Cambonchi, Laurento-Jose,
and against the above-named Respondent(s) for a judgment (1) enjoining the use of the
property (Land); (2 directing the restoration of the grades thereof to the extent that the
court shall deem necessary and (3) Impressing a lien as of the commencement of this action
upon the property upon the property (Land) to assure the performance of the acts and
things directed or required by this court to be done by the Respondent(s)/Libellees and that
the real property in Bronx County affected thereby is particularly described as: All that
certain Plot, Piece or Parcel of Land with the Buildings and Valuable improvements**

1

Structurally Sound and Water Tight, thereon erected, situated, lying, resting and being in Bronx County and New York Territories and Possessions of the united states (nalogous) and filed in the office of the Clerk for Bronx county as: real property/allodial land described as:

See Attached Schedule C
Legal Description

Sec:        Lot:        BLK:

Xxx         29          2868  [ 1868] University Avenue (road) Bronx, New York state Republic

(Reference CRFN #2007000272344 )

                                        With each and every part of the land shown thereon.

Date: 05 January 2016 (A.D.)

Affirmed and sealed by the free act of my own hand this _____ day of _____2016.

Without the United States, without prejudice.

By: _____

Cambonchi, Laurento-Jose
A/R

2

Policy No. 509109

## SCHEDULE C

### Legal Description

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNNING at a point on the easterly side of University Avenue, distant 702.79 feet northerly as measured along said easterly side of said avenue from the northerly extremity of a curve with the radius of 50 feet at the northeast corner of Tremont Avenue West and University Avenue;

RUNNING THENCE northerly along the said easterly side of University Avenue, 37.50 feet;

THENCE easterly at right angles to the said easterly side of University Avenue, 74.03 feet to the westerly side of Old Croton Aqueduct;

THENCE southerly along the said westerly side of Old Croton Aqueduct, 37.92 feet;

AND THENCE westerly again at right angles to the said easterly side of University Avenue and part of the way through a party wall, 68.43 feet to the said easterly side of University Avenue at the point or place of BEGINNNING.